1  Glenn L. Moss (State Bar No. 44307)
   Ann Murphy (State Bar No. 66947)
2  MOSS and MURPHY
   1297 B Street
3  Hayward, CA 94541

4  Tel 510-583-1155
   Fax 510 583 1299
5  e mail: m-m@pacbell.net

6  Attorneys for Plaintiff
   HUNG TRAN
7

8

9

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA
12

13

14  HUNG TRAN,                    CASE NO 3:14-cv-05404 HSG

15        Plaintiff              OPPOSITION OF PLAINTIFF
                                 TO MOTIONS TO DISMISS
16  vs.                          FILED BY JP MORGAN CHASE
                                 BANK AND SELECT PORTFOLIO
17  QUALITY LOAN SERVICE CORP,   SERVICING INC
    U.S.BANK N.A., AS TRUSTEE
18  SUCCESSOR IN INTEREST TO
    BANK OF AMERICA, N.A., AS    Date: March 24 2015
19  TRUSTEE FOR WAMU MORTGAGE    Time: 2:00 p.m.
    PASS THROUGH CERTIFICATES    Court: 15 (San Francisco)
20  SERIES 2007-OA4; SELECT      Haywood S. Gilliam Jr.
    PORTFOLIO SERVICING INC;
21  JPMORGAN CHASE BANK N.A.
    DOES 1-25

22        Defendants
                                          /
23

24

25

26

27

28
                        -1-

1

2                              **TABLE OF CONTENTS**

3

4    I       INTRODUCTION                                                    2

5    II      RESPONSE TO REQUESTS FOR JUDICIAL NOTICE                        3

6    III.    FACTUAL SUMMARY                                                 4

7    IV.     TRAN PROPERLY STATES A WRONGFUL
             FORECLOSURE CLAIM                                               6

8    V       THE COMPLAINT STATES A CLAIM FOR DECLARATORY
             RELIEF                                                          7
9
             A. A present and actual controversy exists
10           regarding the terms of Tran's obligation and
             the entity to whom the payments are due                        7
11
             B.  Tran's bankruptcy does not cause the
12           lien to increase                                               9

13           C.  California requires litigation to resolve
             these disputes                                                 9
14
             D.  A claim for Declaratory Relief is a
15           cumulative remedy which need not resolve
             the entire dispute                                            10
16
             E.  Declaratory Relief is also appropriate
17           to challenge the validity of transfers of
             the loan via improper securitizations                         10
18
     VI      THE COMPLAINT ADEQUATELY PLEADS BREACH
19           OF CONTRACT CLAIMS                                            11

20           A. Defendants have breached the agreement
             by demanding more money and refusing to
21           identify where the money should be sent                       11

22           B.  The implied covenant of good faith
             requires the lender and servicer to exercise
23           discretion in a reasonable manner                             13

24           C.  The duty to provide notice of transfers
             and contact information is found in Federal
25           Law, which pre empts any contrary California
             Law                                                           13

26

27

28

VII     TRAN STATES CLAIMS FOR VIOLATIONS OF THE
        FEDERAL AND STATE FAIR COLLECTION PRACTICE
        ACTS                                                    14

        A.   The claims for violation of the FDCPA
        [15 U.S.C.§1692] and Rosenthal Act [Cal
        Civil Code §1788] are not barred by the
        statute of limitations                                  14

        B.   The FDCPA applies to loan servicers
        who seek to collect more money then is due
        through a non judicial trustee sale or
        otherwise                                               15

VIII    CONCLUSION                                              18

MOSS & MURPHY
ATTORNEYS AT LAW
1297 B STREET
HAYWARD, CALIFORNIA 94541
(510) 583-1155

1

2

3                              TABLE OF AUTHORITIES

4                                      Cases

5    <u>Allen v Utd Fin. Mtge Corp</u>
6    (N.D.Cal Mar 22 2010) 660 Fed Supp 2d 1089
     2010 U.S. Dist LEXIS 26503                                    16

7    <u>Allstate Ins. Co v Davis</u> (D. Hi 2006)
8    430 F.Supp 2d 1112                                            10

9    <u>Aryeh v Canon Business Solutions</u>
     (Jan 24 2013 No S184929) 2013 Cal LEXIS 480                    9

10   <u>Baldwin v Am Home Mort Servicing</u>
11   (E.D. Cal Jan 5, 2010) 2010 U.S.Dist LEXIS 5671                6

12   <u>Bernardi v Deutsche Bank</u> (N.D.Cal Jan 15 2013)
     2013 WL 163285                                                13

13   <u>BKCAP LLC v Captec Franchise Trust 2000-1</u>
14   (7th Cir 2012) 688 Fed 3d 810                                  8

15   <u>Calderon v Ashmus</u> (1998) 523 US 740                     7

16   <u>Carma Developers v Marathon Development California</u>
     (1992) 2 Cal 4th 342                                          13

17   <u>Carter v. Deutsche Bank</u> [N.D.Cal May 7, 2010)
18   2010 U.S.Dist LEXIS 44984                                     16

19   <u>Dinh v Citibank</u> (C D Cal Jan 7 2013)
     No SA CV 12-1502; 2013 US Dist LEXIS 2312                     14

20   <u>Fonteno v Wells Fargo Bank</u>
21   (2014) 228 Cal App 4th 1358                                   10

22   <u>Garretson v Post</u> (2007) 156 Cal App 4th 1508            6

23   <u>Glaski v Bank of America</u> (2013) 218 Cal App 4th 1079   10

24   <u>Glazer v Chase Home Finance LLC</u>
     (6th Cir 2013) 704 Fed 3d 453                                 15

25   <u>Hal Roach Studios v Richard Reiner & Co</u>
26   (9th Cir 1989) 896 Fed 2d 1542                                 7

27   <u>Harris v US Fid & Guar Co</u>  (5th Cir 1978)
     569 Fed 2d 850                                                10

28

MOSS & MURPHY
ATTORNEYS AT LAW
1297 B STREET
HAYWARD, CALIFORNIA 94541
(510) 583-1155

1

2

3    Herrera v Deutsche Bank (2011) 196 Cal App 4d 1366
     2011 Cal App LEXIS 825                                        3
4

5    In re: Isom (9th Cir 1990) 901 Fed 2d 744                    10

6    Jara v Aurora Loan Serv (N.D.Cal 2012)
     660 Fed Supp 2d 1089                                         16

7    Lee v City of Los Angeles (9th Cir 2001)
     250 Fed 3d 668                                                3
8

9    Mangum v Action Collection Serv. Inc
     9th Cir 2009) 575 Fed 3d 935                                 15

10   McKell v WaMu (2006) 142 Cal App 4th 1457                    11

11   Matthews v PMM Mortgage (2012) 724 S.E.2d 196                12

12   Natividad v Wells Fargo (N.D.Cal 2013)
     2013 WL 2299601, 2013 U.S. Dist LEXIS 74067                  15
13

14   Pfeifer v Countrywide (2012) 211 Cal App 4d 1250,
     150 Cal Rptr 3d 673                                          6

15   Schlegel v Wells Fargo Bank
     9th Cir 2013) 720 Fed 3d 1204                                17
16

17   Soares v ReconTrust (N.D.Cal May 25 2012)
     2012 WL 190234                                               14

18   Societed Conditionnement v Hunter Eng. Co
     (9th Cir 1981) 655 Fed 2d 938                                 8
19

20   Tierney v Schweiker (DC Cir 1983) 718 Fed 2d 449            10

21   Topps Chewing Gum Inc v Fleer Corp (2nd Cir 1986)
     799 F2d 851                                                  12

22   United States v Transport Indem. Co
     (9th Cir 1976) 544 Fed 2d 393                                12
23

24   Wilson v. Draper & Goldberg PLLC
     (4th Cir 2006) 443 F3d 373                                   15

25   Wise v Wells Fargo Bank (C.D.Cal 2012)
     850 F.Supp 2d 1047                                           14
26

27   Yvonova v New Century Mortgage Co
     (Rev. Granted Aug 27, 2014 Case No S21873                    10
28

MOSS & MURPHY
ATTORNEYS AT LAW
1297 B STREET
HAYWARD, CALIFORNIA 94541
(510) 583-1155

1

2

3

                         Statutes and Other Authorities
4

5    Cal Civ Code  §1788 [Rosenthal Act]                        14

6    Fair Debt Collection Practices Act
     [15 U.S.C.§1692(g)                                          9
7

8    Fair Debt Collection Practices Act
     [15 U.S.C.§1692]                                           14

9    Truth in Lending Act [TILA 15 U.S.C.§1640(a)]              14

10   Truth in Lending Act [TILA 15 U.S.C.§1641(g)]              14

11   12 C.F.R §1026.39(b)(3)                                    14

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOSS & MURPHY
ATTORNEYS AT LAW
1297 B STREET
HAYWARD, CALIFORNIA 94541
(510) 583-1155

I
**INTRODUCTION**

Shortly after receiving two letters dated February 24, 2014 from SPS, but signed only by Chase, Mr. Tran received a Notice of Default and a Notice of Sale. These notices were rescinded, and then recorded again [Chase Req Jud Not No.11]. The second notice stated the trustee sale would take place November 26, 2014. These notices were from Quality Loan Service [Quality], a foreclosure trustee.

Hung Tran [Tran] filed this action in state court for two purposes: [1] Secure a declaration regarding how much money he owes on his mortgage, after allowing for the modifications sent to him February 24, 2014. These modifications occurred after Tran's Chapter 7 bankruptcy discharge; and [2] Secure a declaration regarding the entity to whom the money should be paid and where the money should be paid.

In response to the second Notice of Trustee Sale, Mr. Tran contacted the foreclosure trustee and servicer. The trustee, Quality, advised him the trustee sale set pursuant to the Notice of Trustee Sale recorded on November 3, 2014 was canceled. In contrast, on November 19, 2014 the servicer, Select Portfolio Servicing Inc [SPS], advised Tran the trustee sale would take place November 26, 2014, as scheduled in the November 3 Notice. Faced with this conflict, Mr. Tran filed this Verified Complaint in state court on November 21, 2014.

Pursuant to a stipulation between counsel for

-2-

MOSS & MURPHY
ATTORNEYS AT LAW
1297 B STREET
HAYWARD, CALIFORNIA 94541
(510) 583-1155

1   Chase and Tran, Judge Grillo granted a Temporary

2   Restraining Order on November 24, 2014. On December 12,

3   2014, SPS removed the case to this Court. Both Chase and

4   SPS seek dismissal of the action. Quality filed a

5   Declaration of Non Monetary Status in state court.  This

6   Declaration provides that Quality will be bound by the

7   decisions of this Court but will not participate.

## II
## RESPONSE TO REQUESTS FOR JUDICIAL NOTICE

Defendants request that this Court take judicial notice of a variety of documents. Tran objects to taking judicial notice of the Assignment of Deed of Trust identified as Exhibit 4 [Chase request] and Exhibit D [SPS request]. Also, the Substitution of Trustee is valid if, and only if, the Court accepts as true the Assignment. Thus, the scope of judicial notice of this document should be limited to the fact that it is recorded as a public record. There is no objection to taking judicial notice of the remaining documents.

The contents of this Assignment, and the contents of the Substitution of Trustee flowing from this Assignment are disputed.  Neither California law or federal law permits the Court to take judicial notice of the contents of these documents [Herrera v Deutsche Bank (2011) 196 Cal App 4d 1366, 2011 Cal App LEXIS 825.; Lee v City of Los Angeles (9th Cir 2001) 250 Fed 3d 668,689]

The note and deed of trust were sold to LaSalle Bank N.A. as Trustee for the WaMu Mortgage Pass Through Certificates Series 2007-OA4 before the FDIC became the

MOSS & MURPHY
ATTORNEYS AT LAW
1297 B STREET
HAYWARD, CALIFORNIA 94541
(510) 583-1155

-3-

1   receiver of WaMu, and sold the assets to Chase [see gen

2   WaMu Form 10K filed with Securities and Exchange

3   Commission and available on SEC web site [Comp ¶ 3;

4   Plaintiff requests the Court take judicial notice of this

5   10K on the SEC web site. No party disputes plaintiff's

6   allegations regarding the contents of this 10K form.

7   Thus, Chase never acquired this note and deed of trust

8   when it purchased the WaMu assets from the FDIC, as

9   receiver. Chase lacks the power to make the Assignment or

10  Substitution of Trustee.

11
## III
## FACTUAL SUMMARY

12

13      Tran is divorced and resides in the subject

14  property at 2632 Middlefield Ave, Fremont CA [Comp ¶1].

    The home is subject to a loan from WaMu for
15
    $1,264,000.00.  The loan was sold by WaMu before its
16
    assets were seized by the FDIC [Comp ¶2-4].  On April 11,
17
    2012 Tran received a Chapter 7 discharge from the
18
    bankruptcy court [Comp ¶6; Exhibit B SPS Req Jud Notice].
19
        By two letters dated February 24, 2014, SPS
20
    notified Tran it approved him for a loan modification as
21
    specified in Exhibit C of the Verified Complaint.
22
    Neither modification was approved by anyone at SPS.
23
    Instead, the proposed modifications were approved by
24
    Katie Allen on January 30, 2014 and by Marilyn
25
    Christianson on November 23, 2013.  Ms. Allen and Ms.
26
    Christianson identify themselves as "Document Control
27            1)
    Officers for Chase.  Both of these proposed modifications
28
    advise Tran on page 2: "The **Lender** will notify me of the

MOSS & MURPHY
ATTORNEYS AT LAW
1297 B STREET
HAYWARD, CALIFORNIA 94541
(510) 583-1155

-4-

1   payment amount...]"  This notice never arrived and Tran
2   looks forward to receiving it.

3          Page two of these proposed loan modifications
4   also provide for payment of $420,900.00 as a "deferred
5   Principal Balance".  This figure represents the sum of:
6   [1] Pre filing interest discharged in the Chapter 7
7   bankruptcy case; [2] Plus the interest accrued by adding
8   this discharged pre petition interest to principal on the
9   obligation; [3] Plus additional interest accrued on the
10  phantom principal developed by converting the unpaid
11  interest to principal; [4] Plus accrued pre petition late
12  charges discharged by the Chapter 7 bankruptcy.

13         As an accountant, Tran calculates the effect of
14  these improper additions to the deed of trust in Exhibit
15  D to his Verified Complaint.  Using the interest rates in
16  the approved loan modification, Tran calculates that he
17  should pay $1,686,986.73 over 23 years.  However, using
18  the creative accounting in the modification, the total
19  loan payments will be $2,330,613.62.

20         It is also unclear where Tran should make the
21  payments. Paragraphs 1 through 3 of the deed of trust
22  provide: "Borrower shall pay to Lender...Periodic
23  Payments..."  In contrast, SPS argues in its Motion to
24  Dismiss that the payments are due the Servicer [SPS Mtn
25  Dismiss FN 3, page 2].  This uncertainty is also in the
26  Modification [Exhibit C, Verified Complaint]  In
27  particular, the transmittal letter is from SPS as
28  Servicer.  The document is signed only by Chase, as

MOSS & MURPHY
ATTORNEYS AT LAW
1297 B STREET
HAYWARD, CALIFORNIA 94541
(510) 583-1155

-5-

1   Lender.   Moreover, the Modification states on page 2 "The
2   Lender will notify me of the payment..."   However, no
3   such notice was ever provided to Tran by either the
4   Servicer or the Lender.

5        Quality Loan Service recorded a Notice of
6   Default, and a Notice of Trustee Sale.   The sale was set
7   for November 26, 2014.   Without notice to Tran, Quality
8   rescinded the Notice of Trustee Sale on November 18, 2014
9   [Chase Req. Jud Not Exhibit 12].

10                              IV
11   TRAN PROPERLY ALLEGES A WRONGFUL FORECLOSURE CLAIM

12        California allows claims for wrongful foreclosure
13   prior to an actual trustee sale [Pfeifer v Countrywide
14   Home Loans (2012) 211 Cal App 4th 1250;   Baldwin v Am
15   Home Mort Servicing (E.D. Cal Jan 5, 2010) 2010 U.S.Dist
16   LEXIS 5671 at fn 40 citing to Garretson v Post (2007) 156
17   Cal App 4th 1508].   These cases recognize that California
18   law affords the borrower no plain speedy or adequate
19   method to challenge the validity of a potential trustee
20   sale or erroneous claims of default described in a Notice
21   of Default.   Where the lender or its collection agent has
22   threatened a non-judicial trustee sale, the borrower need
23   not risk loss of his home by waiting until the trustee
24   sale.   A wrongful foreclosure suit may be pursued.

25        Of particular interest is Pfeifer v Countrywide
26   Home Loans, supra.   In this case the borrower was in
27   default on his mortgage.   However, the lender and
28   servicer had breached their obligations under paragraph 9
     and refused to credit Pfeifer for payments made from his

1  fire insurance claim for a casualty loss.  Mr. Pfeifer

2  was permitted to pursue his wrongful foreclosure claim

3  after the Notice of Default was recorded.

4       Tran acknowledges that no trustee sale is

5  currently scheduled.  However, the judicially noticed

6  documents show that at least two Notices of Default and

7  Notices of Trustee Sale have been recorded [Chase Req Jud

8  Not Exhibits 1-12].  This lawsuit provides the only

9  protection against a third Notice of Default.

10      Also, there is a clear and present dispute

11 regarding the balance due, and the extent of any default.

12 the Second Notice of Default alleged $50,000 was due from

13 Tran, when the balance due was closer to $12,000 [Cf Comp

14 ¶16 and Exhibit D].

**V**
**THE COMPLAINT STATES A CLAIM FOR DECLARATORY RELIEF**

**A.   A present and actual controversy exists regarding the terms of Tran's obligation and the entity to whom the payments are due**

A party seeking declaratory relief must show: [1]

an actual controversy regarding a matter within federal

court subject matter jurisdiction [Calderon v Ashmus

(1998) 523 US 740, 745].  One function of the Declaratory

Judgment Act [28 U.S.C.§2201(a)] is to prevent

irreparable injuries when one's adversary threatens

substantial harm while refusing to commence suit [Hal

Roach Studios v Richard Reiner & Co (9th Cir 1989) 896

Fed 2d 1542, 1555].  In addition, this device permits

parties uncertain of their obligations to avoid incurring

liability for damages by obtaining a declaratory

MOSS & MURPHY
ATTORNEYS AT LAW
1297 B STREET
HAYWARD, CALIFORNIA 94541
(510) 583-1155

15
16
17
18
19
20
21
22
23
24
25
26
27
28

-7-

1   judgment.  This declaration will specify what is expected

2   under the contract [Societed Conditionnement v Hunter

3   Eng. Co (9th Cir 1981) 655 Fed 2d 938].  These problems

4   exist in the instant case.

5          Both SPS and Chase disagree with plaintiff's

6   reading of the deed of trust, as modified by the

7   documents mailed February 24, 2014.  There have been two

8   Notices of Default and two Notices of Sale.  Thus, Tran

9   has a well founded fear his home will be sold, based on

10  these false claims.  Tran is entitled to protection from

11  the draconian threat of loss of his home.

12         Declaratory relief provides this protection. A

13  typical declaratory relief case seeks interpretation of

14  the terms of a mortgage agreement [BKCAP LLC v Captec

15  Franchise Trust 2000-1 (7th Cir 2012) 688 Fed 3d 810,

16  815].  This is the issue in the instant case.  Tran has

17  identified three significant, present disputes: [1]

18  Which entity does Tran owe his payments.  Paragraphs 1-3

19  of the deed of trust demand payment to the Lender.  Chase

20  argues it is the lender.  The Servicer, SPS, alleges

21  paragraph 20 requires the payments be made to it; [2] The

22  deed of trust, as modified by Exhibit C, fails to provide

23  the actual monthly payments.  Neither Chase or SPS will

24  state whether they agree or disagree with the payment

25  schedule Tran generated as Exhibit D; [3]  Finally, the

26  deed of trust as modified by Exhibit C seeks

27  substantially more money then the Lender or Servicer are

28  entitled to receive [Exhibit D, Verified Complaint].

-8-

**B. Tran's bankruptcy does not cause the lien to increase.**

Tran secured a Chapter 7 discharge.   He acknowledges this discharge does not remove the lien [In re: Isom (9th Cir 1990) 901 Fed 2d 744].  However, this discharge does not allow the lender or servicer the privilege or increasing the amount of the lien.  This is precisely what SPS and Chase propose.  In particular, they propose converting the discharged pre-bankruptcy interest into principal, and charging interest on the newly minted principal, plus discharged late charges. [See Exhibits C and D to Complaint].  Also, defendants promised to provide a payment schedule [Ex C Complaint, page 2].  However, this schedule has never arrived.

The scope of the obligation is defined in paragraphs 1-3 of the deed of trust.  This lien includes the unpaid principal, unpaid interest, and unpaid late charges.  Nothing in the deed of trust or generally accepted accounting principals allows  conversion of unpaid interest and late charges into unpaid principal then charging interest on this newly minted principal [Aryeh v Canon Business Solutions (2013) 2013 Cal LEXIS 480]

**C. California requires litigation to resolve these disputes**

California law requires litigation to stop a non-judicial trustee sale.  Moreover, California does not even require the lender to provide a Debt Validation Notice as specified in the FDCPA [15 U.S.C.§1692(g)] [see

-9-

1    gen: Fonteno v Wells Fargo Bank (2014) 228 Cal App 4th

2    1358].   Thus this claim for declaratory relief is the

3    only manner to secure an interpretation of the

4    obligations of the parties under the deed of trust.

5          D.   A claim for Declaratory Relief is a
     cumulative remedy which need not resolve the entire
6    dispute

7          A declaratory judgment need not resolve all the

8    issues or the entire controversy [Harris v US Fid & Guar

9    Co  (5th Cir 1978) 569 Fed 2d 850,852; Allstate Ins. Co v

10   Davis (D. Hi 2006) 430 F.Supp 2d 1112, 1122].   The

11   existence of an alternative remedy such as injunctive

12   relief to stop a potential trustee sale is immaterial.

13   The existence of another remedy does not preclude a

14   declaratory judgment  [FRCP 57; Tierney v Schweiker  (DC

15   Cir 1983) 718 Fed 2d 449, 457].

16         E.   Declaratory relief is also appropriate to
     challenge the validity of transfers of the loan via
17   improper securitizations.

18         Tran acknowledges that there is a split of

19   authority regarding his standing to challenge

20   securitization of the loan.   Some appellate cases such as

21   Glaski v Bank of America (2013) 218 Cal App 4th 1079

22   saallow these challenges.   Many Federal trial court

23   decisions reject the reasoning in Glaski, supra.   Neither

24   defendant cites any Federal appellate cases opposing

25   Glaski, supra.   The conflict between these trial court

26   decisions and Glaski, supra is currently on the docket of

27   the California Supreme Court [Yvonova v New Century

28   Mortgage Co (Rev. Granted Aug 27, 2014 Case No S21873)

MOSS & MURPHY
ATTORNEYS AT LAW
1297 B STREET
HAYWARD, CALIFORNIA 94541
(510) 583-1155

                              -10-

1    superseding appellate decision which criticized <u>Glaski</u>,

2    <u>supra</u> (226 Cal App 4th 495].  Tran submits this Court

3    should wait for the California Supreme Court decision in

4    <u>Yvononva</u>, <u>supra</u>.  We observe that the Supreme Court

5    allowed publication of the <u>Glaski</u>, <u>supra</u>, decision while

6    de-publishing the California Court of Appeal decisions

7    which disapproved of <u>Glaski</u> and adopted the analysis of

8    the Federal trial courts.

9                              VI
     **THE COMPLAINT ADEQUATELY PLEADS BREACH OF CONTRACT CLAIMS**

10
          **A. Defendants have breached the agreement by**
11   **demanding more money and refusing to identify where the**
     **money should be sent**
12
          Sections III and V of this Memorandum explain how
13
     defendants are seeking to coerce plaintiff into paying
14
     more money then is due under the deed of trust. Also,
15
     defendants: [1] refuse to specify the entity entitled to
16
     receive the payments under the Modification; [2] refuse
17
     to specify the payments due, and [3] seek more money then
18
     is actually due under the terms of the deed of trust.
19
     Post-bankruptcy, defendants have made two failed attempts
20
     to foreclose on the property.  All these efforts
21
     constitute a breach of contract.
22
          The SPS cites <u>McKell v WaMu</u> (2006) 142 Cal App
23
     4th 1457 for the proposition that a borrower in default
24
     cannot allege a breach of contract claim.  This view has
25
     been discredited and rejected in <u>Pfeifer v Countrywide</u>
26
     <u>Home Loans</u>  (2012) 211 Cal App 4th 1250 and <u>Fonteno v</u>
27
     <u>Wells Fargo Bank</u>  (2014) 228 Cal App 4th 1358. For
28
     example, <u>Pfeifer</u>, <u>supra</u>, held:

**MOSS & MURPHY**
ATTORNEYS AT LAW
1297 B STREET
HAYWARD, CALIFORNIA 94541
(510) 583-1155

-11-

1    The lenders emphasize that the Pfeifers
     defaulted on their loan.  They argue that
2    this default should bar the Pfeifer's
     claims...

3

4    ¶ As the court in <u>Matthews</u> explained, "the
     fact that a borrower is in arrears does not
     allow the trustee to circumvent the
5    conditions precedent to foreclosure.
     (<u>Matthews</u>, <u>supra</u>, 724 S.E.2d at p 199).
6    Indeed, the conditions precedent in the deed
     of trust which govern the accrual of the
7    trustee's latent power to foreclose do not
     become relevant <u>until</u> the borrower has first
8    breached the deed of trust ins come way...
     Therefore prohibiting the borrower who has
9    breached from bringing an action....**would
     nullify such conditions.  The mere fact of**
10   **the borrower's breach alone would become,** <u>de</u>
     <u>facto</u>n the only condition precedent to
11   foreclosure. .....the deed of trust is a
     contract in which the parties have agreed
12   that material breach of the note by
     nonpayment will **not deprive the borrowers of**
13   **their rights....**

14   <u>Pfeifer v Countrywide</u>, <u>supra</u> at 211 Cal App
     4th 1279 **(bold type added;** <u>underlined</u> in
15   original; quoting with approval Virginia
     Supreme Court decision in <u>Matthews v PMM</u>
16   <u>Mortgage</u> (2012) 724 S.E.2d 196,199-200.

17

18        In the instant case, defendants breached the

19   agreement by wrongfully commencing foreclosure

20   proceedings, seeking excessive payments, failing to

21   specify who should receive the payments, and failing to

22   specify the amount of the payments due under the loan as

     modified by Exhibit C.

23
          Tran seeks Declaratory relief as a remedy for
24
     this breach of contract.  In addition, he seeks recovery
25
     of his attorney fees needed to resolve this dispute.
26
     Declaratory relief is an appropriate remedy to resolve a
27
     contract dispute [<u>Topps Chewing Gum Inc v Fleer Corp</u> (2nd
28
     Cir 1986) 799 F2d 851, 856; <u>United States v Transport</u>

MOSS & MURPHY
ATTORNEYS AT LAW
1297 B STREET
HAYWARD, CALIFORNIA 94541
(510) 583-1155

1   Indem. Co (9th Cir 1976) 544 Fed 2d 393,395 at fn 1;

2   BKCP LLC v Captec Franchise Trust 2000-1, supra].

3          B.   The implied covenant of good faith requires
    the lender and servicer to exercise discretion in a
4   reasonable manner

5          The implied covenant of good faith is a part of

6   every contract [Restatement 2d Contracts §205]. This

7   covenant applies to the performance and enforcement of an

8   agreement. In particular, where one party is invested

9   with a discretionary power affecting the rights of

10  another, the power must be exercised in good faith [Carma

11  Developers v Marathon Development California (1992) 2

12  Cal 4th 342, 372-372]. The California Homeowners Bill of

13  Rights [HBOR] provides a catalog of the practices

14  expected of a servicer. In other words, it defines how a

15  servicer or lender acting in good faith must exercise the

16  discretionary powers granted to them in the deed of

17  trust.

18         C.   The duty to provide notice of transfers and
    contact information is found in Federal law, which pre
19  empts any contrary California law

20         Chase argues California law does not impose a

21  duty to notify a borrower of assignments of the deed of

22  trust, servicing rights or the relationship between the

23  parties [Chase P&A 8:6-20]. Perhaps so. However, these

24  duties are imposed by the Truth in Lending Act [15

25  U.S.C.§1641(g)(1)(A) through §1641(g)(1)(E)]. The recent

26  decision in Bernardi v Deutsche Bank (N.D.Cal Jan 15

27  2013) 2013 WL 163285 declined to dismiss a claim because

28  it is an open question whether an assignment of the deed

MOSS & MURPHY
ATTORNEYS AT LAW
1297 B STREET
HAYWARD, CALIFORNIA 94541
(510) 583-1155

-13-

1  of trust can effect a transfer of ownership of the loan.

2         The disclosures are required of defendants within

3  30 days.  The failure to comply with these transfer

4  notice requirements gives rise to a private right of

5  action.  This private claim includes actual damages,

6  statutory damages of $4,000.00 per violation, costs, and

7  attorney fees [15 U.S.C. §1640(a)].  This claim is not

8  dependent on an award of actual damages since the

9  borrower is entitled to the statutory damages as a matter

10  of law [Wise v Wells Fargo Bank  (C.D.Cal 2012) 850

11  F.Supp 2d 1047; Soares v ReconTrust (N.D.Cal May 25 2012)

12  2012 WL 190234].

13         Also, SPS has a duty to advise Tran when it

14  acquired the servicing rights, from whom they were

15  acquired, and the contact information regarding payments

16  [TILA 15 U.S.C.§1641(g); 12 CFR §1026.39(b)(3)].

17  Companies who are serving as trustees of mortgage backed

18  security trusts are also liable for violations of these

19  notice provisions in TILA [Dinh v Citibank (CDCal Jan 7

20  2013 No SA CV 12-1502; 2013 US Dist LEXIS 2312].

21                                VII
   TRAN STATES CLAIMS FOR VIOLATION OF THE FEDERAL AND STATE
22                  FAIR COLLECTION PRACTICE ACTS
          A.    The claims for violation of the FDCPA [15 USC
23  §1692] and Rosenthal Act [CAL CIV CODE §1788] are not
   barred by the statute of limitations

24
          SPS argues these claims are time-barred [SPS mtn
25
   p13].  Not true.  SPS and Chase provided the Modification
26
   Agreements to Tran by a letter dated February 24, 2014
27
   [Exhibit C, Complaint].  The Complaint was filed November
28
   21, 2014.

MOSS & MURPHY
ATTORNEYS AT LAW
1297 B STREET
HAYWARD, CALIFORNIA 94541
(510) 583-1155

-14-

1         The fact that one of the modifications was signed

2   in 2013 is immaterial.  The FDCPA statute of limitations

3   is not jurisdictional.  Thus, the normal Ninth Circuit

4   presumption that federal statutes of limitations begin to

5   run upon discovery of the injury applies to the FDCPA

6   [Mangum v Action Collection Serv. Inc (9th Cir 2009) 575

7   Fed 3d 935].

8         **B.  The FDCPA applies to Loan servicers who seek

9   to collect more money then is due through non judicial
    trustee sale or otherwise**

10        Tran acknowledges a split of authority regarding

11  applicability of the FDCPA to enforcement of deeds of

12  trust.  The unanimous view of the Federal Appeals Courts

13  is that the FDCPA does apply to all non judicial

14  foreclosure related activities [see gen Glazer v Chase

15  Home Finance LLC (6th Cir 2013) 704 Fed 3d 453

16  elaborating on  Wilson v. Draper & Goldberg PLLC (4th Cir

17  2006) 443 F3d 373. sa  However, the Ninth Circuit has not

18  considered the issue [Natividad v Wells Fargo (N.D.Cal

19  2013)  12-cv-03646) 2013 WL 2299601, 2013 U.S. Dist LEXIS

20  74067].

21        Intermediate California state courts reject

22  this unanimous views of the Federal Appellate courts and

23  the CFPB which is charged with enforcing the FDCPA [e.g:

24  Pfeifer v Countrywide, supra, explicilty rejecting the

25  CFPB position and Fonteno v Wells Fargo, explicitly

26  rejecting Glazer, supra].

27        The California district courts are split.  Some

28  Northern District courts believe the FDCPA does apply to

**MOSS & MURPHY**
ATTORNEYS AT LAW
1297 B STREET
HAYWARD, CALIFORNIA 94541
(510) 583-1155

-15-

1   California non-judicial foreclosure [e.g: <u>Allen v Utd Fin</u>

2   <u>Mtge Corp</u> (N.D.Cal Mar 10 2010) 660 Fed Supp 2d 1089 2010

3   U.S.Dist LEXIS 26503; <u>Carter v Deutsch Bank</u> (N.D.Cal May

4   7, 2010) 2010 U.S.Dist LEXIS 44984].

5          Defendants cite a variety of district court

6   opinions that concur in the analysis of <u>Pfeifer, supra.</u>

7   However, none of these Federal trial court decisions even

8   discuss the Federal Appellate cases from the sister

9   circuits such as <u>Glazer, supra,</u> and <u>Wilson, supra.</u>

10  Neither do these decisions even consider the status of

11  servicers such as SPS who acquire the loan after a

12  default.

13         Other California district courts take an

14  intermediate position [e.g: <u>Natividad, supra; Jara v</u>

15  <u>Aurora Loan Serv</u> (N.D.Cal 2012) 852 F. Supp 2d 1204].

16  These decisions conclude that a servicer or trustee

17  engaging in its statutory obligations of recording

18  Notices of Default and Notices of Sale are not acting as

19  "debt collectors" under the FDCPA.  However, these

20  decisions also conclude that  servicers acquiring the

21  debt after the borrower defaults that engage in

22  proceedings "beyond mere foreclosure proceedings" are

23  "debt collectors" and are subject to all the provisions

24  of the FDCPA.

25         This split concerns the activities of foreclosure

26  trustees such as Quality Loan Servicing Inc. Under the

27  view of the CFPB, the Federal Appeals Courts and the

28  <u>Natividad, supra,</u> analysis  claims under both the FDCPA

MOSS & MURPHY
ATTORNEYS AT LAW
1297 B STREET
HAYWARD, CALIFORNIA 94541
(510) 583-1155

-16-

1   and Rosenthal Act are viable against servicers such as

2   SPS. Neither does this split in authority affect the

3   Rosenthal Act claim against Chase.  We acknowledge that

4   the FDCPA excludes creditors acting in their own names

5   from the definition of a "debt collector".  However, the

6   Rosenthal Act does not contain this narrow definition of

7   a "debt collector" [Civ. Code §1788; <u>Schlegel v Wells</u>

8   <u>FargoBank</u> (9th Cir 2013) 720 Fed 3d 1204].

9          SPS is a "debt collector" under the <u>Natividad</u>,

10  <u>supra</u>, analysis as well as under the analysis of all the

11  Federal Appellate decisions.  In particular, it acquired

12  its servicing rights after Tran was in default and filed

13  for bankruptcy [see gen bankruptcy petition, Req Jud

14  Notice of SPS, Exhibit B; Proof of Service to bankruptcy

15  discharge, Exhibit B Complaint-- both of these documents

16  identify all the pre filing entities with claims.  SPS is

17  not included].  Thus, SPS acquired its rights after the

18  loan was in default. SPS also attempted to collect more

19  money then was due under the deed of trust by its

20  creative accounting in the loan modification agreements.

21  These are the agreements attached to the Feb. 24, 2014

22  letters of SPS to Tran [Exhibit C, Complaint].

23         The FDCPA and Rosenthal Act each prohibit unfair

24  and abusive debt collection practices [e.g: 15 U.S.C.

25  §1692(e) and (f) -- incorporated by reference in Civil

26  Code §1788].  The Complaint adequately explains how

27  defendants engaged in these unfair and abusive debt

28  collection practices.

MOSS & MURPHY
ATTORNEYS AT LAW
1297 B STREET
HAYWARD, CALIFORNIA 94541
(510) 583-1155

-17-

# VIII
## CONCLUSION

For the reasons set forth, the Motions to Dismiss should be denied. Tran recognizes that his Complaint was drafted quickly to stop a trustee sale. Thus, Tran prays for leave to amend if the Court accepts any of the arguments of defendants. For example, Tran failed to set forth a separate cause of action pursuant to TILA [15 U.S.C.§ 1639 et seq] related to the absence of notice that the loan and servicing rights were transferred. He asserts the implied covenant of good faith requires this notice. Upon granting leave to amend, we will separate out the TILA claims.

DATED: February 25, 2015.

MOSS & MURPHY

By_____
        Glen L. Moss

x/tran.opp

MOSS & MURPHY
ATTORNEYS AT LAW
1297 B STREET
HAYWARD, CALIFORNIA 94541
(510) 583-1155

-18-