UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUNG TRAN,<br><br>        Plaintiff,<br><br>    v.<br><br>SELECT PORTFOLIO SERVICING, INC., et al.,<br><br>        Defendants. | Case No. 14-cv-05404-HSG<br><br>**ORDER GRANTING IN PART MOTIONS TO DISMISS**<br><br>Re: Dkt. Nos. 17, 18, 21, 28, 29, 34 |

      Plaintiff Hung Tran ("Plaintiff") filed the instant case against Defendants JPMorgan Chase Bank, N.A., Select Portfolio Servicing, Inc., and U.S. Bank, N.A (collectively "Defendants") in Alameda County Superior Court on November 21, 2014.  Defendants Select Portfolio Servicing ("SPS") and U.S. Bank, N.A. removed the action on December 10, 2014.  Dkt. No. 1.  SPS asserted two grounds for removal:  (1) federal question jurisdiction under 28 U.S.C §§ 1331 and 1441 based on Plaintiff's claim under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et. seq.; and (2) jurisdiction under 28 U.S.C. §§ 1334 and 1452 based on the theory that Plaintiff's complaint alleges causes of action sounding in or "related to" bankruptcy.  *Id.*at 3-4.

      All Defendants have moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss the complaint for failure to state a claim.  Dkt. Nos. 17, 18.  Having read and considered the papers filed in connection with this matter and the parties' arguments at the hearing on March 26, 2015, for the reasons set forth below, the Court GRANTS Defendants' motions as to Plaintiff's FDCPA claim, and dismisses that claim with prejudice.  The Court does not rule on the remaining state law claims pending its assessment of whether those claims now should be remanded to state court.

## I. BACKGROUND

Plaintiff filed this action in Alameda County Superior Court on November 21, 2014. Complaint (Dkt. No. 1, Ex. 1). The complaint alleges seven causes of action, six of which are state law claims. Compl. ¶¶ 13-41. Plaintiff's sole arguably federal claim lies in his sixth cause of action alleging that Defendants' "debt collection" practices are unfair under the Rosenthal Act (California Civil Code § 1788 et seq.), which "incorporates by reference the unfair debt collection practices in the FDCPA." *Id.* ¶¶ 38-41. Plaintiff alleges that "[t]he debt collection practices described in this Verified Complaint are deemed unfair under the FDCPA." *Id.* ¶ 41.

According to the complaint, in 2007, Plaintiff obtained a refinanced mortgage on his personal residence (the "subject property") located in Fremont, California. *Id.* ¶ 1-2. This mortgage was secured by a deed of trust. *Id.* In April of 2007, after securing the refinanced mortgage on the subject property, Plaintiff received a bankruptcy discharge. Compl. Ex. B (April 11, 2012, Discharge Of Debtor and Final Decree). Years after the bankruptcy discharge issued, Plaintiff alleges that he entered into two separate loan modification agreements with defendant Chase, signed by mortgage servicer SPS as "Attorney in Fact," which changed the terms of the loan on the subject property.[1] *Id.* ¶ 8 and Ex. C (Loan Modification Agreements signed by Plaintiff on July 22, 2013). According to Plaintiff, neither of these modifications granted him "the benefit of his bankruptcy discharge." *Id.* ¶ 8. That is, Plaintiff contends that each of the loan modifications contained amounts that were "arrearages . . . discharged in bankruptcy," and as result, these modifications "violat[ed]" the bankruptcy discharge. *Id.* Additionally, Plaintiff alleges that Defendants erroneously instituted foreclosure proceedings on the subject property, and are violating the modification agreements by charging him more than he owes on the loan. *Id.* ¶¶ 8, 11-12 and Ex. F (Notice of Trustee's Sale). Plaintiff argues that Defendants have violated the FDCPA by attempting to sell the subject property and collect on the modified home loan. *Id.* ¶¶ 39, 41.

---

[1] Plaintiff alleges that he is not certain on whose behalf SPS is servicing the loan. He believes that either JPMorgan Chase Bank, N.A. or U.S. Bank, N.A., acting as a trustee, could be the owner of the subject loan. Compl. ¶ 22-23.

## II. LEGAL STANDARD

A court may dismiss a claim under Federal Rule of Civil Procedure 12(b)(6) when it does not contain sufficient facts to state a plausible claim on its face. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly,* 550 U.S. at 557). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555 (internal citations and parentheticals omitted).

In considering a motion to dismiss, a court must accept all the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *See id.* at 555-56; *Erickson v. Pardus,* 551 U.S. 89, 93-94 (2007). If the court dismisses the complaint, it should grant leave to amend "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000) (citation and internal quotation marks omitted).

## III. DISCUSSION

### A. Plaintiff Fails to State an FDCPA Claim

As noted above, the only arguably federal claim pled in the complaint alleges a violation of the FDCPA as "incorporate[d] by reference" in California's analogous Rosenthal Act. Compl. ¶ 41. In order to state a claim under the FDCPA, Plaintiff must allege facts demonstrating: "(1) that he is a consumer within the meaning of 15 U.S.C. §§ 1692(a)(3) and 1692c(d); (2) that the debt arises out of a transaction entered into for personal purposes; (3) that the defendant is a debt collector within meaning of 15 U.S.C. 1692a(6); and (4) that the defendant violated one of the provisions of the FDCPA, 15 U.S.C. §§ 1692a-1692o." *O'Connor v. JP Morgan Chase*, No. 4:14-

cv-00178 KAW, 2014 WL 2216011, at *7 (N.D. Cal. May 29, 2014) (quoting *Gutierrez v. Wells Fargo Bank*, No. C 08-5586 SI, 2009 WL 322915, at *2 (N.D. Cal. Feb. 9, 2009)).

Plaintiff fails to plead a violation of the FDCPA. According to the complaint, Defendants violated the FDCPA by "attempting to collect money owed for the loan secured by" the subject property, and by "representing that [they have] authority to seize the property and sell it." Compl. ¶¶ 39, 41. The gravamen of Plaintiff's FDCPA claim is that Defendants improperly attempted to foreclose on his home and improperly enforced what he alleges to be an inaccurate home loan balance. Compl. ¶¶ 8, 41. These allegations undeniably relate to "foreclosure proceedings." Numerous district courts in this circuit have held that actions by a lender to enforce its security interest under a deed of trust in a non-judicial foreclosure proceeding do not constitute "debt collection" activities under the FDCPA. *See, e.g. O'Connor,* 2014 WL 2216011 at *8 (dismissing FDCPA claim based on alleged "debt collection activities" such as making phone calls, mailing letters demanding payment, and failing to validate the disputed debt because such activities were "part and parcel of foreclosure proceedings," and thus "not actionable under the FDCPA"); *Ligon v. JP Morgan Chase Bank*, No. C 11-2504 MEJ, 2011 WL 2550836, at *3 (N.D. Cal. June 27, 2011) (dismissing complaint because non-judicial foreclosure proceedings do not constitute "debt collection" under the FDCPA); *Aniel v. T.D. Service Co.*, No. C 10-03185 JSW, 2010 WL 3154087, at *1 (N.D. Cal. Aug. 9, 2010) (same). Because all alleged bases for Plaintiff's claim amount to efforts by the Defendants to enforce a security interest under a deed of trust, he cannot plead any unlawful debt collection practice under the FDCPA, and his claim must be dismissed as a matter of law.

**B. Granting Leave to Amend the FDCPA Claim Would be Futile**

When dismissing a claim the court should grant leave to amend unless "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1127 (citation and internal quotation marks omitted). In Plaintiff's supplemental brief, he admits that "he will be unable to state a viable claim for relief under the FDCPA" as to any Defendant. Pl. Supp. Br. (Dkt. No. 34) 3. Thus, allowing amendment would be futile as to the FDCPA claim. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) ("Although

4

leave to amend should be given freely, a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile."). Accordingly, Plaintiff's FDCPA claim is DISMISSED WITH PREJUDICE.

### C. Plaintiff Must Confirm Whether He Intends to Allege Any Other Federal Claim

As discussed at the hearing on Defendants' motions to dismiss, absent any federal cause of action, the Court has discretion to decline to exercise jurisdiction over the remainder of Plaintiff's state law claims. *See* 28 U.S.C §§ 1367(a) (providing supplemental jurisdiction over state law claims that are part of the same "case or controversy" as a federal claim) and 1452(a) and (b) (granting discretionary jurisdiction over matters "related to" a bankruptcy case). Now that the Court has dismissed Plaintiff's sole federal claim, its strong inclination is to remand the remaining claims to the Alameda County Superior Court under 28 U.S.C. §§ 1367(c)(3) and 1452(b). However, in his Opposition to the motions to dismiss, and again in his supplemental brief, Plaintiff suggests that he could assert a federal Truth in Lending Act ("TILA") claim if he were to amend his complaint. Pl. Opp. to Mot. to Dismiss 13 (Dkt. No. 21); Pl. Supp. Br. 3 (Dkt. No. 34). It would result in an obvious waste of judicial and party resources if the remanded state law claims end up being removed back to this Court because the Plaintiff decides at some point in the future to add a TILA claim. Accordingly, Plaintiff shall file a notice by noon on April 16, 2015 stating whether he seeks leave to amend the Complaint to add a TILA claim. Plaintiff's counsel is cautioned to carefully consider the requirements of Rule 11, both factual and legal, in deciding whether to seek leave to add this claim.

### IV. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Defendants' motions to dismiss Plaintiff's FDCPA claim with prejudice. The Court will rule on whether the remaining claims should now be remanded after reviewing the notice filed by Plaintiff.

**IT IS SO ORDERED.**

Dated: 4/14/2015

HAYWOOD S. GILLIAM, JR.
United States District Judge