UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUNG TRAN,<br><br>   Plaintiff,<br><br> v.<br><br>SELECT PORTFOLIO SERVICING, INC., et al.,<br><br>   Defendants. | Case No.  14-cv-05404-HSG<br><br>**AMENDED ORDER REMANDING ACTION TO ALAMEDA COUNTY SUPERIOR COURT** |

## I. INTRODUCTION

Plaintiff Hung Tran ("Plaintiff") filed this action against Defendants Select Portfolio Servicing ("SPS"), US Bank N.A. and JPMorgan Chase Bank ("Chase") (collectively "Defendants") in Alameda County Superior Court. Compl. (Dkt. No. 1, Ex. 1). Plaintiff alleges that two loan modification agreements with Defendants contained "arrearages . . . discharged in bankruptcy," denying him "the benefit of his bankruptcy discharge." Compl. ¶ 8. Plaintiff also alleges that Defendants erroneously instituted foreclosure proceedings on the subject property, and are violating the modification agreements by charging him more than he owes on the loan. *Id.* ¶¶ 8, 11-12.

SDS and U.S. Bank subsequently removed the action to this Court on two grounds: (1) federal question jurisdiction under 28 U.S.C §§ 1331(a) and 1441(a) based on Plaintiff's claim under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et. seq.; and (2) jurisdiction under 28 U.S.C. §§ 1334(a) and (b) and 1452(a) based on the theory that Plaintiff's complaint alleges causes of action sounding in or "related to" bankruptcy. Not. of Removal (Dkt. No. 1). On April 14, 2015, the Court granted Defendants' motions to dismiss with prejudice as to Plaintiff's sole federal claim under the FDCPA. Order on Mot. to Dismiss (Dkt. No. 37).

Having dismissed the sole federal claim in the complaint without leave to amend, the Court

must determine whether to retain jurisdiction over the remaining state law causes of action. Defendants argue that the Court should retain jurisdiction over these claims on two grounds: (1) as an exercise of its jurisdiction over issues "related to" a bankruptcy proceeding under 28 U.S.C. §§ 1334 and 1452; and (2) as an exercise of its general supplemental jurisdiction under 28 U.S.C. § 1367(a). For the reasons discussed below, the Court concludes that these claims should be remanded to the Alameda County Superior Court.

## II. "RELATED TO" BANKRUPTCY JURISDICTION

### A. Legal Standard

Under Section 1334(a), federal courts are courts of "original," but not "exclusive," jurisdiction for all civil proceedings "arising in or related to a [bankruptcy] case under title 11." 28 U.S.C. § 1334(a). A civil proceeding is considered "related to bankruptcy" if the outcome could "alter the debtor's rights, liabilities, options or freedom of action (either positively or negatively) . . . in any way [that] impacts upon the handling and administration of the bankrupt estate." *In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988) (citing *Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3d Cir. 1984)). Where "related to" jurisdiction exists, a party may remove a claim to the "district court for the district where the civil action is pending if that court has jurisdiction pursuant to § 1334." 28 U.S.C. § 1452(a). However, even where such removal jurisdiction exists, "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b).

### B. Assuming "Related To" Jurisdiction Exists Here, Discretionary Factors Weigh Substantially in Favor of Equitable Remand

Defendants contend that Plaintiff's claims are "related to" Plaintiff's previous bankruptcy action because he alleges that Defendants are attempting to require him to pay a debt that was partially discharged in his 2012 bankruptcy proceeding. *See* Not. of Removal at 3; *see, e.g.,* Compl., ¶¶ 6-8, 10, 11. For purposes of this Order, the Court assumes, without deciding, that Plaintiff's state law claims are "related to" the prior bankruptcy proceeding.[1]

---

[1] Once a bankruptcy plan has been confirmed, "related to" jurisdiction is limited to circumstances in which "there is a close nexus to the bankruptcy plan or proceeding." *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1194 (9th Cir. 2005).

"Section 1452(b) gives courts an unusually broad grant of authority in determining whether remand is equitable." *Charles Schwab Corp. v. Banc of America Securities*, No. 10-CV-03489-LHK, 2011 WL 864978 at *7 (N.D. Cal. Mar. 11, 2011) (internal quotation marks and citations omitted). District courts in this circuit "have typically identified seven factors governing the decision to remand: (1) the effect of the action on the administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty of applicable state law; (4) comity; (5) the relatedness of the action to the bankruptcy case; (6) any jury trial right; and (7) prejudice to plaintiffs from removal." *Parke v. Cardsystems Solutions*, No. C 06-04857 WHA, 2006 WL 2917604, at *4 (N.D. Cal. Oct. 11, 2006) (quoting *Hopkins v. Plant Insulation Co.*, 349 B.R. 805, 813 (N.D. Cal. 2006)).

Assessing these factors, the Court concludes that equitable remand of Plaintiff's remaining claims to the state court is appropriate.

### 1. State Law Issues Thoroughly Predominate Plaintiff's Claims

In the Court's view, the most significant factors weighing in favor of remand are the undeniable prevalence of substantial (and, in at least one case, unsettled) state law issues (factors (2), (3) and (4)). Now that the FDCPA claim has been dismissed, all six of Plaintiff's claims arise under California law, and disputes over California law dominate both sides' arguments in their briefs. At least two of Plaintiff's claims, regarding the assignment of the deed of trust on Plaintiff's home and the attempted foreclosure thereon, involve the application of legal standards currently under review by the California Supreme Court. *See Yvanova v. New Century Mortgage Corp.*, 331 P.3d 1275 (Cal. 2014) (granting review regarding whether, in an action for wrongful foreclosure on a deed of trust securing a home loan, a borrower has standing to challenge an assignment of the note and deed of trust on the basis of defects allegedly rendering the assignment void).

Were the Court to retain jurisdiction here, its sole role would be to attempt to predict how the California courts would decide multiple questions of California law. As a matter of both comity and deference to the California courts' unique expertise in interpreting California law, remand is appropriate here. *See In re Schwartz,* 5:09–cv–05831 EJD, 2012 WL 899331, at *2

3

(N.D. Cal. Mar. 12, 2012) ("[P]erhaps most importantly, state law issues clearly predominate the entire action. Without a doubt the state court is better able to hear and determine a suit involving questions of state law.") (citation omitted)); *Parke*, 2006 WL 2917604 at *5 ("Comity dictates that California courts should have the right to adjudicate the exclusively state law claims involving California-centric plaintiffs and California-centric transactions.") (citation and internal quotation marks omitted).

### 2. This Case Will Not Affect the Administration of the Bankruptcy Estate

The Court also finds that the remaining issues in this case do not have any apparent bearing on the administration of the bankruptcy estate (factors (1) and (5) above). Remand is typically granted when the case will not affect the bankruptcy estate. *See, e.g., In re Schwartz*, 2012 WL 899331 at *1 (remanding where bankruptcy estate would not be affected and state law issues predominated); *Charles Schwab,* 2011 WL 864978 at *7 (remanding after finding only a "remote connection" between the remaining causes of action and related bankruptcy proceedings); *Parke*, 2006 WL 2917604 at *5 (remanding after finding "little relation between the bankruptcy proceedings and plaintiffs' putative-class action"). There is no dispute that Plaintiff's bankruptcy action has been closed for over three years, and no party contests that a decision to remand would bear "little impact on the administration of the estate." *See* Compl. ¶ 6, Ex. B (Chapter 7 discharge occurred on April 11, 2012); Chase Supp. Br. at 4 (Dkt. No. 35). As a result, there is no apparent risk that this case could impede the orderly administration of the bankruptcy plan or resolution of bankruptcy-related issues. And the remoteness in time of the bankruptcy action further weighs in favor of remand.

### 3. No Prejudice Will Result From Remand

Plaintiff filed this action in Alameda State Court in the first instance, and has no objection to the case being remanded. *See* Pl.'s Supp. Br. (Dkt. No. 38). No prejudice to either party will result from remand (nor would prejudice result from the case remaining in federal court). The parties will have full jury trial rights in state court just as they do in this Court. Accordingly, neither of these factors counsels against remand.

Finally, Defendants make an argument not raised in *Hopkins*: they claim that remand

4

would result in duplication of judicial resources. *See* SPS Supp. Br. at 5 (Dkt. No. 36) ("Remanding this matter to the Superior Court will require a new Court to get up to speed and will result in a waste of this Court's resources, which will also substantially prejudice Defendants."); *see also* Chase Supp. Br. at 4 (Dkt. No. 35) ("[T]his Court has already evaluated underlying facts and allegations set forth in the motions for dismissal and the operative complaint. . . . If this matter were to be remanded, such evaluations would necessarily be required to reinitiate within the state court system."). The Court agrees that duplication of judicial resources is a reasonable factor to consider in deciding whether to remand this action. However, given the current posture of the case, the Court disagrees that remand will result in a "waste of this Court's resources" or prejudice to Defendants. The Court's ruling on Plaintiff's FDCPA claim was predicated solely on federal law, as applied to the allegations in the complaint. The remaining claims present solely issues of California law, and the Court has not considered those claims. All of the parties' arguments regarding the state law claims can readily be repackaged and presented to the Superior Court. Remand to the court in which this action originated will not result in any prejudice to any party.

### III. SUPPLEMENTAL JURISDICTION

Under 28 U.S.C. § 1367(a), the district courts have "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form a part of the same case or controversy under Article III." A district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Sanford v. MemberWorks, Inc.,* 625 F.3d 550, 561 (9th Cir. 2010).

Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988) ("Where, as here, all federal-law claims in the action have been eliminated and only pendent state-law claims remain, the district court has a powerful reason to choose not to continue to exercise jurisdiction. A wide discretion to remand rather than to dismiss . . . best serves the principles of

judicial economy, procedural convenience, fairness to litigants, and comity to the States which underlie the pendent jurisdiction doctrine.").

## IV. CONCLUSION

For the foregoing reasons, the Court REMANDS Plaintiff's remaining claims to the Alameda County Superior Court.

**IT IS SO ORDERED.**

Dated:  April 20, 2015

*Haywood S. Gilliam Jr.*
HAYWOOD S. GILLIAM, JR.
United States District Judge